# United States District Court

__Western__ DISTRICT OF __KENTUCKY__

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>James Terry Moore | CRIMINAL COMPLAINT<br><br>CASE NUMBER: 3:06MJ226 |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __June 21, 2006__ in __Jefferson__ county, in the __Western__ District of Kentucky, defendant(s) did, (Track Statutory Language of Offense)

Distribute and possess child pornography.

in violation of Title __18__ United States Code, Section(s) __2251, 2252 and 2252A__.

I further state that I am a(n) __Special Agent of the FBI__ and that this complaint is based on the following facts:

SEE Attached Affidavit of SA Gregory Johnson.

Continued on attached sheet and made a part hereof: __X__ Yes   ___ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

June 22, 2006
Date

at __Louisville, Kentucky__
City and State

__Dave Whalin, United States Magistrate Judge__
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT

I, Gregory Johnson, being duly sworn, state as follows:

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed for more than eight years. I am currently assigned to Squad 3, the Violent Crime Major Offender/Cyber Crimes Squad (VCMO), in the Louisville Division. As a member of the VCMO, I am primarily responsible for investigating a wide range of federal criminal offenses, including investigations relating to computer crimes. I have a technical degree and have worked in computer science applications for the private sector prior to employment with the FBI. I have received over 600 hours of specialized computer investigation training since being employed by the FBI and have successfully completed the Computer Analysis Response Team (CART) training and am currently a computer forensic analyst. I routinely participate in and investigate computer intrusion, denial of service, Internet fraud and investigations involving the Sexual Exploitation of Children (SEOC). I have gained expertise in the conduct of such investigations through training in seminars, conferences, classes and experience in working these investigations on a continuing basis. I was a member of the Innocent Images Task Force in Louisville, Kentucky for more than five years until the task force was dissolved. I have investigated SEOC investigations for the past seven years. These duties include the investigation of criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal advertising, production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. Through the course of my training and past investigations, I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. §§ 2256) in all forms of media including computer media.

2. This affidavit is made in support of an application for an arrest warrant for James Terry Moore for violation of 18 U.S.C.§§ 2251, 2252, and 2252A.

3. The statements contained in this affidavit are based in part on information I have learned through my own investigation, experience and background as an FBI Agent. As a Federal Agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. The statements are also based on information gained from other law enforcement officials who have assisted in this investigation as well as other federal agents involved in similar investigations. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that James Moore is in violation of 18 U.S.C. §§ 2251, 2252, and 2252A.

## FACTS AND CIRCUMSTANCES

4. This investigation was initiated through FBI SA Kenneth A. Jensen, Buffalo Field Division of the FBI. SA Jensen conducted his entire investigation outside of the states of Ohio and Kentucky. SA Jensen is authorized and assigned to conduct online undercover investigations of child pornography distribution.

5. On March 8 and 9, 2006, SA Jensen, while working in an undercover capacity, signed on to Internet Relay Chat, using mIRC, via an Internet connected computer from the Buffalo Field Office of the Federal Bureau of Investigation. SA Jensen used mIRC to monitor chat channels in which people advertise access to their computers containing child pornography.

6. On March 9, 2006, SA Jensen encountered mIRC name BRAINSTORM06 advertising in the chat channels #100%PreTeenGirlSexfiles and #100%preteengirlsexmovies. The

advertisement stated "Serving: Hi come and see the good videos and pictuers [sic] that are in my server, Please upload only PreTeen videos and Pictures!!! To gain access type: !DogStar Initial credit: 10000 Ratio: 1/1 Total of 3416 files (3.7 GB) [0 of 2 slots in use] »¡« Scøøp Script »!«".

SA Jensen entered the file server advertised by BRAINSTORM06 using the trigger (or password/access code) "!DogStar." Once connected with the file server, SA Jensen viewed the contents of the files available for download, uploaded corrupted files (to gain the requisite credit to download files), and downloaded files with titles consistent with child pornography.

SA Jensen noted that the rules section of the f-serve contained the following statement:

> No Boys
> No Men
> No Girls Over 14 Years Of Age
> No Cartoons
> No Clothes unless in panties are swimsuits
> No renamed Pictures Are Videos
> No Videos under 4.MB
> -------------------------------------------
> Please Enjoy And Follow The Rules Because
> I will Ban And There Is No Second Chances!!
> I am Watching!!!!!!!!!

SA Jensen downloaded at least 27 child pornographic images. Data on the two files discussed in this affidavit are shown in the table below:

| Filename | Download Date and Time | Sending IP Address | Child Pornography |
|---|---|---|---|
| rca-5y-assfuck1.mpg | 03/09/2006, 06:42 (EST) | 72.49.171.74 | Yes (known) |
| fuck_a_little_kiddy_in_ass.avi | 03/09/2006, 06:43 (EST) | 72.49.171.74 | Yes (known) |

3

7. FBI SA Jeffrey Klain, Cincinnati, Ohio, viewed the digital movie file rca-5y-assfuck1.mpg. This approximately ten second video depicts a prepubescent child being anally penetrated by an adult man's penis.

8. SA Klain viewed the digital movie file fuck_a_little_kiddy_in_ass.avi. This approximately 16 second video depicts a prepubescent girl being anally penetrated by an adult man's penis.

9. On March 10, 2006, SA Jensen transmitted an administrative subpoena for information regarding the user of IP address 72.49.171.74 on March 09, 2006, between 06:23 and 06:46 (EST). The subpoena returned from the ISP indicated the subscriber was James Cassett of ██████████, ("Cincinnati Premises") Cincinnati, Ohio, telephone number: (████████████ The account provides high speed digital subscriber line (DSL) Internet access to the address given above via the given telephone number.

10. SA Klain telephonically contacted James L. Cassett. Cassett indicated that he had never heard of BRAINSTORM06 and denied having child pornography on his computers. Cassett did indicate that his friend, James Terry Moore, had resided at the Cincinnati Premises from March 5-14, 2006. Cassett stated that Moore had brought a computer with him when he came to stay at the Cincinnati Premises. Moore connected his computer to Cassett's network and was thus able to access the Internet, and hence run an f-serve. The computer that Moore brought was a desktop computer. Cassett reported that Moore was a registered sexual offender who had committed a statutory rape in Tennessee. Cassett also reported that Moore had been convicted for failing to comply with sex offender registration requirements.

11. SA Klain then ordered checks of Moore's criminal history. Moore's criminal history showed 13 felony arrests and 5 felony convictions. Moore is registered as a convicted sex offender with a reported address of ████████████████████████, Louisville, Kentucky ████. Moore's criminal history showed that, among other things, that he had been arrested on April 29, 1988, for gross sexual imposition felony by the Cincinnati Police Department. Moore was convicted of this charge and sentenced to two years confinement. Moore was also arrested for statutory rape by the Shelbyville, Tennessee, Police Department on September 8, 1998. Records indicate a sentence of two years and six months of this offense. On February 27, 2002, Moore was arrested for a probation violation for failing to register as a sex offender in Kentucky.

12. In a conversation with SA Anthony Weber, of FBI Cincinnati, Cassett described his visit in June, 2006, to Moore's residence, the Louisville Premises. According to Cassett, the apartment is in building number ██, and is unit number ██. The building is located on ████████ in Louisville, Kentucky. Building number ██ is on the right side of the road. There is parking between the building and its neighboring buildings. There are several buildings that all look similar in appearance from the outside. It is difficult to see the numbers on the building, as they are near the top of the building and are hard to see from the ground. Building ██ has a rust colored brick exterior and is a rectangular multiple family condominium style building with a very low sloped to flat roof line. There are two levels in the building with four units on the first floor and four units on the second floor. To access the second floor, an old wooden staircase on the outside of the building leads up to a doorway which opens to a common hallway for the second level units. Approximately halfway down the hallway is a fire door which is used to reach apartment ████████████.

13. According to Cassett, looking through the front door of the apartment into the apartment reveals an entry hallway of eight to ten feet which ends at a t-shaped intersection. Straight ahead almost directly across from the entry hall is the bedroom which is used by Moore. Turning left at the t-intersection, a second bedroom is on the right, beside bedroom used by Moore. The second bedroom is used by Herman Last Name Unknown (LNU) and his wife Lanita LNU. Straight ahead is a bathroom. Turning around 180 degrees and walking back leads past the two bedrooms on the left and the entry hall on the right. A short hallway, about six feet, leads to kitchen access on the right, and continues into the combined living room and dining room straight ahead. The living room and dining room extend to the left and to the right when entered from the hallway. To the right, there is a second point of access to the kitchen. To the left, a patio door leads to a balcony.

14. Again according to Cassett, there are two computers in the apartment. One computer belongs to Moore, and the other belongs to Herman and Lanita LNU. Moore has bought parts for and rebuilt his computer. There is a red motherboard in Moore's computer which would be the same red motherboard that Cassett initially installed in Moore's computer. Moore probably does not have the same computer tower case or the same video card as Cassett saw previously. Moore has an 80 Gigabyte, an 8 Gigabyte, and a 20 Gigabyte hard drive. It is most likely that Moore is using the 80 Gigabyte hard drive in his current computer. These hard drives are the same ones that Moore had in March 2006 when Moore was in Ohio. Moore has likely swapped the old parts into a different computer case. Cassett has not seen the computer since Moore rebuilt it.

15. On June 20, 2006, Affiant visited the ▓▓▓▓▓▓▓ Apartments and interviewed Brandy Bailey, property manager for the facility. Ms. Bailey confirmed that Moore lives in Apartment ▓▓ in building ▓ of the property. She also confirmed that two other adults (a male and female) live in

the apartment with Moore by the names of Herman and Juanita Reynolds. Ms. Bailey advised that she had recently learned that both men (Moore and Herman Reynolds), are registered sex offenders. Neither man indicated a prior felony conviction on their respective housing applications kept on file at Tanglewood.

16. During the visit to ███████, Affiant confirmed the visual description of the complex as provided by Cassett. Additionally, Affiant reviewed floor-plan information for the units, as provided by the leasing office. The floor-plan information corroborated the lay-out previously described by Cassett.

17. On June 21, 2006, a search warrant for Moore's residence was signed by United States Magistrate Judge Dave Whalin. The warrant was executed on Moore's residence where several items, including Moore's described computer, was seized as evidence. During entry of Moore's residence, Affiant witnessed files being downloaded to and uploaded from Moore's computer which was currently connected to the Internet. Moore agreed to speak with interviewing Agents and admitted that his computer was currently uploading and downloading child pornography.

18. Affiant displayed approximately twenty-three images containing child pornography that were downloaded from Moore's computer by SA Jensen. Moore admitted that the images had been or were currently on his computer. Moore signed and dated each image.

19. Moore also confessed to Affiant that during his trip to Ohio to visit Cassette, his computer running the f-serve had approximately 7,000-8,000 images of child pornography. Moore also stated that approximately 5,000 of these images portrayed children under twelve years of age engaged in sexual activity, including bondage.

7

## Conclusion

Based upon all of the information set forth in this application, Affiant respectfully submits that there is probable cause to believe that Moore used a computer or computers to advertise, transmit, and distribute images of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A.

In consideration of the foregoing, Affiant respectfully requests that this Court issue an order authorizing the arrest of James T. Moore.

_____
Special Agent Gregory Johnson
Federal Bureau of Investigation

Subscribed to and sworn to before me this 22nd day of June, 2006.

_____
Dave Whalin
United States Magistrate Judge