**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:06CR-98-S**
**UNITED STATES OF AMERICA,**                                                   **PLAINTIFF,**

**vs.**

**JAMES TERRY MOORE,**                                                               **DEFENDANT.**

**DEFENDANT'S SENTENCING MEMORANDUM**

**May it Please the Court:**

Defendant, by counsel, files the following Sentencing Memorandum setting forth his argument as to why the mandatory life sentence specified in 18 U.S.C. § 3559(e) should not apply in this case.

**Introduction**

On September 21, 2006, James Moore pled guilty to violations of 18 U.S.C. §§ 2251(d)(1)(A), (d)(2)(B), 2252A(a)(2), (a)(5)(B), (b)(1), and (b)(2). He was advised at the time that the mandatory minimum penalty he would face, if he had two prior convictions of sex convictions, would be thirty-five years as indicated on the penalty page of the indictment. This penalty is stated in 18 U.S.C. § 2251(e).

The pre-sentence report was received and stated that the offense level was 42 and the criminal history category was VI, resulting in a guideline range of 360-life. However, with a mandatory minimum sentence of 35 years, the guideline range became 420-life. (PSR, paragraph 79.)

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

The United States filed objections to the pre-sentence report arguing that Count 1 did not group with Counts 2, 3, and 4 and as a result the defendant's offense level would be 44, resulting in a level of 43 as the guidelines cap at 43. This results in a guideline sentence of life imprisonment. The United States also asserted that 18 U.S.S.C. §3559(e) applied as the defendant was convicted under 18 U.S.C. § 2251 and a mandatory life sentence is required by statute as the defendant has a prior sex conviction.

The Probation Office responded and did not change its position that all the offenses should group, however, the probation office agreed that 3559(e) applied and therefore a mandatory minimum sentence of life is required by statute.

**The Offense Level**

The defendant agrees with the Probation Office that all the offenses group. As stated in the addendum:

Pursuant to Section 1B1.2, the offense guideline is determined by referring to the Statutory Index to ascertain the Chapter Two offense guideline. For statutory provisions not listed in the Statutory Index, Section 1B1.2 instructs you should use the most analogous guideline. The investigation found the defendant advertised for child pornography. Specifically, his advertisement invited others to see videos and pictures in his server. The title of Section 2G2.1 includes advertising for minors to engage in production. Section 2G2.2 includes in its title "...or Advertising material Involving the Sexual Exploitation of a Minor." For this reason, the U.S. Probation Office found Section 2G2.2 to be the most analogous guideline.

The defendant did not advertise for minors to engage in production. He simply advertised existing videos and pictures in his possession. Therefore the most analogous guideline does appear to be 2G2.2 and the government's objection should be overruled.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

### The Mandatory Minimum Sentence

The United States and the Probation Office now assert that there is a mandatory life sentence required under 18 U.S.C. § 3559(e) as the defendant has a "prior sex conviction."[1] However, 18

---

[1] 18 U.S.C. § 3559(e) provides:

**(e) Mandatory life imprisonment for repeated sex offenses against children.**--

2. **(1) In general.**--A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed.

**(2) Definitions.**--For the purposes of this subsection--

**(A)** the term "Federal sex offense" means an offense under section 1591 (relating to sex trafficking of children), 2241 (relating to aggravated sexual abuse), 2242 (relating to sexual abuse), 2244(a)(1) (relating to abusive sexual contact), 2245 (relating to sexual abuse resulting in death), 2251 (relating to sexual exploitation of children), 2251A (relating to selling or buying of children), 2422(b) (relating to coercion and enticement of a minor into prostitution), or 2423(a) (relating to transportation of minors);

**(B)** the term "State sex offense" means an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense if, to the extent or in the manner specified in the applicable provision of this title--

**(I)** the offense involved interstate or foreign commerce, or the use of the mails; or

**(ii)** the conduct occurred in any commonwealth, territory, or possession of the United States, within the special maritime and territorial jurisdiction of the United States, in a Federal prison, on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, or in the Indian country (as defined in section 1151);

**©** the term "prior sex conviction" means a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense;

**(D)** the term "minor" means an individual who has not attained the age of 17 years; and

**(E)** the term "state" has the meaning given that term in subsection (c)(2).

**(3) Nonqualifying felonies.**--An offense described in section 2422(b) or 2423(a) shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that--

**(A)** the sexual act or activity was consensual and not for the purpose of commercial or pecuniary gain;

**(B)** the sexual act or activity would not be punishable by more than one year in prison under the law of the State in which it occurred; or

**©** no sexual act or activity occurred.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

U.S.C. § 2151(e) states the following:

> (e) Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years, but if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life. Any organization that violates, or attempts or conspires to violate, this section shall be fined under this title. Whoever, in the course of an offense under this section, engages in conduct that results in the death of a person, shall be punished by death or imprisoned for not less than 30 years or for life.

These two statutes were enacted simultaneously as part of the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub.L. No. 108-21, 117 Stat. 650, The statutes clearly conflict with each other, as 2251(e) requires a minimum sentence of 35 years for a third offense, whereas 3559(e) requires a mandatory life sentence for a second offense. Thus, the issue becomes: if Congress has simultaneously enacted contradictory sentencing provisions applicable to the same statutory offense, which applies?

No case law on this issue has been found by counsel. However, case law discussing contradictory statutes provides some guidance. In *Raley v. State of Ohio*, 79 S.Ct. 1257 (1959), the Court addressed the issue of a contempt prosecution of four witnesses who refused to testify before the Ohio Un-American Activities Commission. The Court held that federal due process did not allow

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

contempt convictions where the witnesses had been informed they could rely on the privilege against self-incrimination and then prosecuted for violating an Ohio immunity law which deprived them of that privilege. Since the Commission had told the witnesses they could exercise the privilege, the subsequent prosecution for violating a law about which they knew nothing was held to be a violation of the Due Process Clause of the Fourteenth Amendment. *Raley*, 79 S.Ct. at 1266. In its discussion, the Court noted: "A State may not issue commands to its citizens, under criminal sanctions, in language so vague and underfined as to afford no fair warning of what conduct might transgress them. Inexplicably contradictory commands in statutes ordaining criminal penalties have, in the same fashion, judicially been denied the force of criminal sanctions." *Raley*, 79 S.Ct. at 1266 (citing *Lanzetta v. State of New Jersey*, 306 U.S. 451, 59 (1939) and *United States v. Cardiff*, 344 U.S. 174 (1952).

### The Statutes

In looking at the statutes involved, 18 U.S.C. § 2251(e) provides its own penalty as discussed above. In analyzing 18 U.S.C. § 3559(e), it appears that the intent of the life sentence for second offenders was meant to address those offenders who are convicted of offenses which involve physical handling of minors in some way, or enticing a minor to engage in prostitution.

The definitions for "federal sex offense" are:**(A)** the term "Federal sex offense" means an offense under section 1591 (relating to sex trafficking of children), 2241 (relating to aggravated sexual abuse), 2242 (relating to sexual abuse), 2244(a)(1) (relating to abusive sexual contact), 2245 (relating to sexual abuse resulting in death), 2251 (relating to sexual exploitation of children), 2251A (relating to selling or buying of children), 2422(b) (relating to coercion and enticement of a minor into prostitution), or 2423(a) (relating to transportation of minors). 18 U.S.C. § 2251 is titled Sexual Exploitation of Children and largely addresses the prohibition of employing, using, persuading,

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of said conduct. See 18 U.S.C. § 2251(a), (b), and ©. These paragraphs of 2251 fit with the other offenses listed in 3559(e), as they involve physical contact with minors. It is reasonable to assume that those types of offenses should be punished more severely than advertising for child pornography without any involvement in producing the pornography. This argument is lent further support by 18 U.S.C. § 3559(e)(3) which states:

> **(3) Nonqualifying felonies.**--An offense described in section 2422(b) or 2423(a) shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that--
>
> **(A)** the sexual act or activity was consensual and not for the purpose of commercial or pecuniary gain;
>
> **(B)** the sexual act or activity would not be punishable by more than one year in prison under the law of the State in which it occurred; or
>
> © no sexual act or activity occurred.

### The Rule Of Lenity

The rule of lenity is a well settled rule that any ambiguity in criminal statutes be resolved against the government and in favor of the criminal defendant. *United States v. Jolivette*, 257 F.3d 581 (6th Cir. 2001) (citing *Staples v. United States*, 511 U.S. 600 (1994).) In this case there is clearly an ambiguity in 18 U.S.C. § 2251(e) and 18 U.S.C. § 3559(e). When these statutes are considered together they don't even make sense as a third offender under 2251 receives a 35 year sentence and a second offender of 3559 receives a life sentence for the same conduct. The rule of lenity dictates that this Court should apply the penalty provided in 18 U.S.C. § 2251(e) and impose the mandatory minimum sentence of 35 years.

### Conclusion

For all of the reasons stated above, this Court should find that the penalty provision of 18 U.S.C. § 2251(e) applies in this case and impose a 35 year sentence as required by law.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

s/ Jamie L. Haworth<br>
Assistant Federal Defender<br>
629 S. Fourth Avenue<br>
200 Theatre Building<br>
Louisville, KY 40202

## CERTIFICATE

  I hereby certify that on March 27, 2007, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the Following: Jo Lawless, Assistant United States Attorney.

/s/ Jamie L. Haworth

Mooremandatorylife.wpd

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808