UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                                        CRIMINAL ACTION NO. 3:06-CR-98-S

JAMES TERRY MOORE                                                                  DEFENDANT

## MEMORANDUM OPINION

This matter is before the court upon the parties' briefs regarding sentencing of the defendant, James Terry Moore ("Moore"). Moore, due to his prior sex convictions involving minors, faces statutory mandatory sentencing. At issue is whether the mandatory life sentence provided for in 18 U.S.C. § 3559(e) or the thirty-five years to life range contemplated by 18 U.S.C. § 2251(e) should be applied to him.

In September 2006, after having been arrested for advertising and facilitating the distribution of child pornography on the internet, Moore pled guilty to violations of 18 U.S.C. §§ 2251(d)(1)(A), (d)(2)(B), 2252A(a)(2), (a)(5)(B), (b)(1), and (b)(2). At that time the court advised Moore that under 18 U.S.C. § 2259(e) he faced a mandatory minimum penalty of thirty-five years imprisonment and a maximum of life imprisonment. Now, the United States asserts that 18 U.S.C. § 3559(e) mandates Moore receive a life sentence.

In short, § 2251(e) and § 3559(e) conflict, as Moore qualifies for sentencing under both. When two statutes conflict and cannot be reconciled, "the general rule of statutory interpretation is that a subsequent statutory provision prevails over a pre-existing and irreconcilably conflicting provision which is not expressly repealed." 73 Am. Jr. 2d *Statutes* § 169 (2007). This rule, however, is inapplicable here given that § 2251(e), in its most current form, and § 3559(e) were enacted simultaneously as part of the Prosecutorial Remedies and Tools Against the Exploitations of Children Today Act of 2003, Pub. L. No. 108-21, 117 Stat. 650. Thus, the more precise issue

becomes: if Congress has simultaneously enacted irreconcilable sentencing provisions applicable to the same offense, which applies?

*United States, ex rel. Harris v. Daniels*, 279 Fed. 844 (2nd Cir. 1992), provides guidance on this issue. In *Ex. rel. Harris*, the Second Circuit was faced with a potential conflict between two sentencing provisions, one which permitted "'all sentences' of summary court-martial [to] be carried into effect upon the approval of the senior officer present . . .", and another, which provided "that the Secretary of the Navy may set the proceedings of the court aside and 'remit or mitigate in whole or in part the sentence imposed.'" *Id.* at 849. Although the court ultimately decided that the "apparent conflict [was not] one in reality[]," it first stated:

> In consideration of irreconcilable conflicting provisions, if both were enacted at the same time, the last in order or arrangement controls.

*Id.* (citing *Hall v. Equator M & S Co.*, Fed. Cas. No. 5931; *In re Richards*, 96 Fed. 935, 939; *In re Tune*, 115 Fed. 906, 911; *United States v. Jackson*, 143 Fed. 783; *Howard v. Bangor & A. R. Co.*, 29 Atl. 1101; *State v. Public Svc. Comm.*, 172 Pac. 890).

Section 3559(e) is later in arrangement, both in Title 18 of the U.S. Code and Pub. L. No. 108-21. As such, it prevails, subjecting Moore to mandatory life imprisonment. Moreover, an argument exists that § 2251(e) and §3559(e) were *not* enacted simultaneously. This argument, if accepted, permits the court to apply the general rule of statutory construction calling for the later enacted provision to control. Section 2559(e) existed at the time at the time § 3559(e) was enacted. Public Law No. 108-21 merely *amended* § 2259(e) by raising the mandatory minimum sentence from thirty to thirty-five years. On the other hand, Pub. Law No. 108-21 added an entirely new subsection to § 3559, subsection (e), which provides for mandatory life imprisonment for repeated sex offenses against minors.

Accordingly, the court concludes that pursuant to 18 U.S.C. § 3559(e) Moore is subject to a sentence of mandatory life imprisonment for his offenses under 18 U.S.C. § 2251. It is so ordered.