UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL ACTION NO. 3:06-CR-98-S

JAMES TERRY MOORE DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court upon the motion of the defendant, James Terry Moore ("Moore"), to reconsider this court's Memorandum Opinion and Order entered July 9, 2007, which concluded that Moore is subject to a mandatory life sentence pursuant to 18 U.S.C. § 3559(e). Moore contends that we should find the penalty provision of 18 U.S.C. § 2251(e) applicable in this case and impose the thirty-five year mandatory minimum sentence.

In September 2006, after having been arrested for advertising and facilitating the distribution of child pornography on the Internet, Moore pled guilty to violations of 18 U.S.C. §§ 2251(d)(1)(A), (d)(2)(B), 2252A(a)(2), (a)(5)(B), (b)(1), and (b)(2). At that time the court advised Moore that under 18 U.S.C. § 2251(e) he faced a mandatory minimum penalty of thirty-five years imprisonment and a maximum of life imprisonment. The United States now asserts that 18 U.S.C. § 3559(e) mandates that Moore receive a life sentence.

In this court's Memorandum Opinion and Order entered July 9, 2007, we noted that Moore qualified for sentencing under both § 2251(e) and § 3559(e). We also noted that if irreconcilable sentencing provisions applicable to the same offense were enacted simultaneously, "the last in order or arrangement controls." *See United States v. Moore*, Criminal Action No. 3:06-CR-98-S

Memorandum Opinion (July 9, 2007) (citing *United States, ex rel. Harris v. Daniels*, 279 Fed. 844 (2nd Cir. 1922)). Recognizing that both § 2251(e) and § 3559(e) were enacted simultaneously as part of the Prosecutorial Remedies and Tools Against the Exploitation4 of Children Today Act of 2003, Pub. L. 108-21, 117 Stat. 650, we held that since § 3559(e) was later in arrangement, both in Title 18 of the U.S. Code and in Pub. 108-21, it prevails. Thus we concluded that Moore was subject to mandatory life imprisonment for his offenses under 18 U.S.C. § 2251. Moore now urges us to apply the rule of lenity and impose the thirty-five year mandatory minimum sentence provided for in § 2251(e).

The rule of lenity is a principle of statutory construction which applies not only to interpretations of the substantive scope of criminal statutes, but also to the penalties they impose. *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980). "This policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *Ladner* v. *United States*, 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958). However, the "touchstone" of the rule of lenity is statutory ambiguity. *Bifulco*, 447 U.S. at 387. The rule of lenity is generally inapplicable unless "after seizing everything from which aid can be derived" the court is still left with an ambiguity. *Chapman v. United States*, 500 U.S. 453, 463, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (quoting *United States v. Bass*, 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971)).

The rule of lenity is inapplicable to this case. Application of the rule is predicated on statutory ambiguity. This court is not faced with any ambiguity insofar as whether § 3559(e) is applicable to Moore based on his current criminal conduct and past criminal convictions. The plain

language of § 3559(e) applies directly to Moore and mandates a life sentence. Simply because Moore's criminal conduct also places him within § 2551(e) does not give rise to any ambiguity as to whether Moore's conduct places him within the ambit of § 3559(e). This court is not applying the mandatory life sentence of § 3559(e) based simply on a guess as to what Congress intended. Rather this court is applying the mandatory life sentence based on the fact that Moore's criminal conduct and past criminal convictions place him directly within § 3559(e), and § 3559(e) prevails over § 2551(e) because it is later in order of arrangement in the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003. Accordingly, we will deny Moore's motion for reconsideration.

A separate order will be entered herein this date in accordance with this opinion.

November 2, 2007

**Charles R. Simpson III, Judge**
**United States District Court**